IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALICE MARIE RIDING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-00648-DGK ) |
| MORGAN STANLEY & CO. LLC and DAVID HOLDERBAUM, | ) ) ) |
| Defendants. | ) |

## COURT'S ORDER OF SUA SPONTE DISMISSAL

This case arises from a dispute over a trust account pro se Plaintiff Alice Riding tried to open with Defendant Morgan Stanley & Co. ("Morgan Stanley").

Defendants Morgan Stanley and David Holderbaum ("Defendants") have filed a motion to dismiss or, alternatively, to compel arbitration. ECF No. 24. Defendants assert multiple grounds for dismissal: (1) lack of diversity jurisdiction under Federal Rule of Civil Procedure 12(b)(1); (2) Plaintiff's lack of Article III standing, which deprives the Court of subject-matter jurisdiction, under Rule 12(b)(1); (3) improper service under Rule 12(b)(4)–(5); and (4) failure to state a claim under Rule 12(b)(6). Defendants argue that compelled arbitration is a proper alternative disposition because Plaintiff assented to arbitration when she entered into a Client Agreement with Morgan Stanley.

For the reasons discussed below, this case, whose theory derives from "sovereign citizen" ideology, is DISMISSED by the Court sua sponte under Rule 12(h)(3) for lack of subject-matter jurisdiction because it is patently meritless, specious, and insubstantial. Even if Plaintiff's claims were not so, the Court would alternatively dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under

1

Fed. R. Civ. P. 12(b)(6) for the reasons stated in Defendants' motion to dismiss and supporting briefing.

## Standard of Review

Whether the Court has subject-matter jurisdiction to decide the merits of a case is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868). While allegations of subject-matter jurisdiction need only meet a relatively low standard, "wholly insubstantial and frivolous claims," claims that are "essentially fictitious," and claims that are "obviously without merit" do not meet the standard. *See Shapiro v. McManus*, 577 U.S. 39, 45–46 (2015). It is well established that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citations omitted). Thus, "[i]f the asserted basis for federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted); *see also Condor Corp. v. St. Paul,* 912 F.2d 215, 219 (8th Cir. 1990) (dismissing "specious and totally insubstantial" claim for lack of jurisdiction).

The question of subject-matter jurisdiction "may be raised . . . by a court on its own initiative[] at any stage in the litigation." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). If the Court finds that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Jordan-A ex rel. Crawford v. United States*, No. 4:22-CV-783-CDP, 2022 WL

3576162, at *1 (E.D. Mo. Aug. 19, 2022) (dismissing sovereign-citizen-style claim as "wholly insubstantial," "frivolous," and "essentially fictitious" under Fed. R. Civ. P. 12(h)(3)).

In assessing its own jurisdiction, the Court has substantial authority and is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Little v. United States Dep't of Def.*, No. 4:21-CV-1309-JAR, 2022 WL 1302759, at *2 (E.D. Mo. May 2, 2022) (quoting *Little Otters of Love, LLC v. Rosenberg*, 724 F. App'x 498, 501 (8th Cir. 2018) (per curiam)).

## Background

As alleged in Plaintiff's "First Amended Verified Bill in Equity" ("the Complaint"), ECF No. 7, Plaintiff submitted "private trust documents" to Defendants on March 28, 2024, authorizing them to accept a "Special Deposit Trust" and assume fiduciary responsibility for it. The parties agree that Defendants opened an account for Plaintiff to receive the trust property.

Plaintiff then served Defendants with notice that they were in breach of their fiduciary duties to her and were given ten days "to cure, pursuant to equitable requirement." Rather than respond, Defendants issued an account closure notice and "refus[ed] to redeliver the res or discharge fiduciary obligations." Plaintiff made similar submissions to the Internal Revenue Service, but she avers the "trust" remains "unsettled."

On April 21, 2024, Plaintiff submitted a formal "Statement of Interest" to confirm that she is a "Beneficial Owner." In particular, the "Statement of Interest" declares that Plaintiff "deposited Birth Certificate (Certificate of Security) . . . and delivered . . . to Morgan Stanley & Co, LLC/Morgan Stanley Barney Smith LLC," and that Morgan Stanley was in breach of its fiduciary duty.

In July 2025, Plaintiff publicly recorded her "Beneficial Ownership Declaration."

This action was filed on August 15, 2025, as a "Verified Bill in Equity." ECF No. 1. Plaintiff filed a "First Amended Verified Bill in Equity," ECF No. 7, on August 28, 2025. Plaintiff alleges breach of trust and fiduciary duty (Count I) and seeks as relief a declaration of beneficial ownership, injunction, constructive trust, accounting, and restitution in an amount exceeding $125,000,000.[1]

## Discussion

At first blush, the Complaint's factual allegations are somewhat obscure and its precise legal foundations are difficult to discern. Defendants have attempted to address the substance of the Complaint and bring generally sound arguments for dismissal in their suggestions in support of dismissal and reply, ECF Nos. 25, 30. But the Court need not address these arguments directly, because Plaintiff's claims are based on "the discredited sovereign citizen theory," *Basey v. United States*, No. 22-533C, 2022 WL 3590265, at *2 (Fed. Cl. Aug. 23, 2022), and "[i]t is well-established in the Eighth Circuit that arguments based on sovereign citizen ideology are inherently frivolous, and should be summarily dismissed as a waste of judicial resources." *United States v. Hampton*, 2025 U.S. Dist. LEXIS 151370, *1 (E.D. Mo. July 17, 2025) (citing *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992)).

### I. Sovereign Citizen Ideology and Practices

> Generally speaking, proponents of "sovereign citizen" theory,
>
> believe that, prior to the passage of the Fourteenth Amendment, people were citizens only of their individual states. Following the passage of the Fourteenth Amendment, sovereign citizen plaintiffs believe that the government uses birth certificates and social security documents as contracts to trick individuals into becoming United States citizens. The government then uses these birth certificates and social security documents as security for the national debt, and this security interest creates individual trust fund accounts that contain each person's lifetime profits.

---

[1] Plaintiff asserts these forms of relief as Counts II, III, IV, and V. Because these are remedies and not causes of action, the Court treats the Complaint as alleging the claim given as Count I.

*Basey*, 2022 WL 3590265, at *2 (citations omitted).  Many sovereign citizens "believe secret bank accounts exist at the United States (US) Department of the Treasury.  These accounts can be accessed using Internal Revenue Service (IRS), Uni[form] Commercial Code (UCC), and fraudulent financial documents."[2]

"[L]aw enforcement personnel have observed Sovereign Citizens attempt to satisfy debts through the creation of a fiduciary relationship, primarily with government officials . . . [U]sing the IRS Form 56 is an explicit attempt to harass, intimidate, and extort a government official." *Leiter v. Kenney*, No. 15-CV-2336-JNE/BRT, 2016 WL 7191544, at *2 (D. Minn. Oct. 27, 2016), *report and recommendation adopted as modified sub nom. Leiter v. Nickrenz*, No. 15-CV-2336-JNE/BRT, 2016 WL 7191614 (D. Minn. Dec. 12, 2016).

The Federal Bureau of Investigation has identified a number of practices that are characteristic of sovereign citizen activity.  Among them are: addressing documentation to the Secretary of the Treasury or the Depository Trust Company; notarizing documents, even if not required; mailing all paperwork via registered mail; enclosing Zip codes in brackets; filing fraudulent financial documents charging their debt to the Department of the Treasury;[3] and signing personal names with commas, colons, semicolons, or dashes between the first and last name.[4]  In addition to signing their names with extraneous punctuation, sovereign citizens

---

[2] Federal Bureau of Investigation Domestic Terrorism Operations Unit, *Sovereign Citizens: An Introduction for Law Enforcement* 1 (Nov. 2010), https://famguardian.org/Subjects/Freedom/Sovereignty/Sovereign_Citizens_Intro_For_LE.pdf (last visited Nov. 19, 2025).

[3] *See* Federal Bureau of Investigation Domestic Terrorism Operations Unit, *Sovereign Citizens: An Introduction for Law Enforcement* 2–3 (Nov. 2010), https://famguardian.org/Subjects/Freedom/Sovereignty/Sovereign_Citizens_Intro_For_LE.pdf (last visited Nov. 19, 2025).

[4] Federal Bureau of Investigation Counterterrorism Analysis Section, *Sovereign Citizens: A Growing Domestic Threat to Law Enforcement* (September 1, 2011), https://leb.fbi.gov/articles/featured-articles/sovereign-citizens-a-growing-domestic-threat-to-law-enforcement.

sometimes add the phrases "all rights reserved" and "without recourse" on the signature lines of documents.[5]

When sovereign citizens litigate, they typically file with legal-sounding but ultimately baseless arguments. *See Volquez-El v. City of New York*, No. 21-CV-1795-(DG/LB), 2022 WL 21842355, at *3 n. 5 (E.D.N.Y. Aug. 22, 2022) (citing Mellie Ligon, Comment, *The Sovereign Citizen Movement: A Comparative Analysis with Similar Foreign Movements and Takeaways for the United States Judicial System*, 35 EMORY INT'L L. REV. 297, 307 (2021)). Some include references to the Bible among their legal authorities. Ligon, *The Sovereign Citizen Movement*, at 311 n. 97. They will also often refer to themselves as "beneficial owner," *United States v. Gordon-Greenwood*, No. CR 23-339(1) (DWF/DLM), 2025 WL 964900, at *2 (D. Minn. Mar. 31, 2025), "private civilian," *Thompson v. Leach*, No. 3:23-CV-5696-CMC, 2024 WL 243424, at *1 (D.S.C. Jan. 23, 2024), or "living," "live," or "flesh and blood" person, *Courvelle v. McCormick*, No. 6:24-CV-06088, 2025 WL 72163, at *1 n. 1 (W.D. Ark. Jan. 10, 2025).

## II. Plaintiff's claims are subject to dismissal as frivolous sovereign citizen claims.

As noted above, "[i]t is well-established in the Eighth Circuit that arguments based on sovereign citizen ideology are inherently frivolous, and should be summarily dismissed as a waste of judicial resources." *United States v. Hampton*, 2025 U.S. Dist. LEXIS 151370, *1 (E.D. Mo. July 17, 2025) (citing *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992)). Other federal courts take the same approach. *See, e.g.*, *Trevino v. Florida*, 687 F. App'x 861, 862 (11th Cir. 2017) (affirming district court's sua sponte dismissal of sovereign citizen's complaint as frivolous, without leave to amend); *Prelle v. United States Mint*, No. 24-CV-5291, 2024 WL 4898064, at *4 (E.D. Pa. Nov. 26, 2024) ("The United States Court of Federal Claims

---

[5] John Jacobson, *Be careful notarizing documents related to "sovereign citizens,"* The National Notary Bulletin (January 27, 2025), https://www.nationalnotary.org/notary-bulletin/blog/2025/01/be-careful-notarizing-documents-related-to-sovereign-citizens.

and the United States Court of Appeals for the Federal Circuit routinely dismiss claims of sovereign citizens based on a contractual relationship created by birth certificates as fictitious."); *Mackey v. Bureau of Prisons*, 2016 WL 3254037, *1 (E.D. Cal. 2016) ("Courts across the country have uniformly rejected arguments based on the sovereign citizen ideology as frivolous, irrational, or unintelligible.") (internal quotation marks and citation omitted).

As far as the Court can tell, Plaintiff submitted her birth certificate, which she takes to be a "trust security," to Morgan Stanley as a "financial instrument." This "instrument" was "necessary" to recover the "$125,000,000" "known value of the instrument," which presumably refers to the amount of U.S. Government debt Plaintiff represents under sovereign citizen theory. This appears to be a version of the "redemption theory," whereby sovereign citizens claim birth certificates are contracts between themselves and the Government that entitle them to funds held by the U.S. Treasury in a "trust account." *See Potter v. United States*, 161 Fed. Cl. 24, 28–29 (2022)

Beyond this "redemption theory," Plaintiff's Complaint and briefing bear other characteristic marks of sovereign citizen ideology. She refers to herself as "Beneficial Owner, Private Civilian Sui Juris," ECF No. 7 at 1, and as "a living woman," *id.* at ¶ 2. She indicates she is a "Citizen or Subject of a Foreign Country" on her Civil Cover Sheet. ECF No. 6-1 at 1. She labels her Missouri Certificate of Live Birth as "Exhibit E – Security (Certificate of Live Birth/Trust Security)." ECF No. 26 at 12. She tried to create a fiduciary relationship with Defendants Morgan Stanley and David Holderbaum. ECF No. 7 at ¶¶ 11, 12. She also names then-Secretary of the Treasury Janet Yellen as "Fiduciary" on an IRS Form 56 and claims "GDP, . . . Reduction of the Public Debt" as the authority for the fiduciary relationship. ECF No. 26 at 16. She inserted hyphens and colons into her signature and put the phrase "All rights reserved

7

Case 4:25-cv-00648-DGK    Document 33    Filed 12/10/25    Page 7 of 9

without recourse" above the signature line on multiple documents. *See* ECF No. 26 at 5, 7, 8, 9, 11, 15, 17. She enclosed the zip code of her address in brackets. ECF No. 7 at 5, 7. She refers to UCC definitions as legal authority in her Affidavit of Breach of Contract. ECF No. 26 at 6–7. She offers a hodge-podge of other "legal authority" and Scriptural quotations in her complaint and briefing, from Gibson's SUITS IN CHANCERY, to the commentaries of Justice Story, THE RESTATEMENT (THIRD) OF TRUSTS, Eighth Circuit and Supreme Court opinions, and the Psalms, Proverbs, and Prophets. *See* ECF No. 7 at ¶ 19–22, 29; *id.* at 6; ECF No. 26 at 1–3.

This sovereign citizen claim is "completely without merit" and "patently frivolous," so it "will be rejected without expending any more of this Court's resources on [its] discussion." *Jagim*, 978 F.2d at 1036.

Though sua sponte dismissal is "disfavored because 'the district court is cast in the role of a proponent for the defense, rather than an independent entity,'" *Vaughn v. Gates*, No. 4:21-CV-00503-JAR, 2021 WL 4318255, at *3 (E.D. Mo. Sept. 23, 2021) (quoting *Nash v. Black*, 781 F.2d 665, 668 (8th Cir. 1986), it is "appropriate . . . where it is patently obvious that the plaintiff cannot prevail on alleged facts, and an opportunity to amend would be futile," *Hartsfield v. Nicholas*, 511 F.3d 826, 833 (8th Cir. 2008) (citation omitted). Plaintiff's sovereign-citizen-style claim is essentially fictitious. She cannot prevail on the alleged facts, and any amendment would be futile.

## Conclusion

For the reasons discussed above, this case is DISMISSED by the Court sua sponte under Fed. R. Civ. P. 12(h)(3) for lack of subject-matter jurisdiction because it is patently meritless, specious, and insubstantial. Even if Plaintiff's claims were not so, the Court would dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim

upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) for the reasons stated in Defendants' motion to dismiss and supporting briefing.

**IT IS SO ORDERED.**

Date: December 10, 2025

/s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT